73 F.3d 362
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 J. Michael JACKSON, R.Ph., Jack-West Pharmacy Services,
Inc., Joseph Ferguson, Petitioners,
v.
Thomas L. CONSTANTINE, Administrator, Drug Enforcement
Administration, Respondent.
 No. 94-4236.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1995.
 
 Before: KENNEDY, GUY and RYAN, Circuit Judges.
 GUY, J., delivered the opinion of the court, in which KENNEDY, J., joined. RYAN, J., concurred in result only.
 RALPH B. GUY, Jr., Judge.
 
 
 1
 Joseph Ferguson, one of the petitioners, entered a plea of guilty to three state felony counts charging illicit sales of controlled substances. Ferguson was a licensed pharmacist, and as a result of his conviction his state license was suspended and then later revoked. The November 1, 1993, order of revocation provided for reinstatement of the license on May 1, 1994, accompanied by a five-year probationary period during which time Ferguson could not serve as a "responsible pharmacist."
 
 
 2
 Upon the expiration of the revocation period, Ferguson was eligible to work as a pharmacist in the State of Ohio. A federal regulation, however, prohibited federally registered pharmacists from employing a person "who has access to controlled substances ... who has been convicted of a felony offense relating to controlled substances." 21 C.F.R. Sec. 1301.76(a) (1995).
 
 
 3
 J. Michael Jackson, also a petitioner, is a federally registered and state licensed pharmacist who wishes to employ Ferguson as a pharmacist.[1] The regulations provide that a convicted felon may be employed if a waiver is obtained from the administrator of Drug Enforcement Administration. See 56 Fed.Reg. 36,727 (1991).
 
 
 4
 Jackson, being fully informed of Ferguson's felony convictions, applied for a waiver. In the application, Jackson set forth the measures he intended to take to "ensure that no increased risk of diversion is occasioned by the employment of this individual." (App. 24.)
 
 
 5
 An investigation by the DEA was then instituted. At the conclusion of this investigation, Jackson submitted another letter supplementing in greater detail the control measures he intended to put in place.
 
 
 6
 On November 3, 1994, the DEA Deputy Administrator, Stephen H. Greene, informed Jackson by letter that his request for a waiver was denied. The letter recounted the circumstances of Ferguson's drug conviction and concluded that "[i]n light of the underlying circumstances of the recent conviction, Title 21, CFR, Section 1301.76(a), will not be waived to allow The Pill Box Pharmacy to employ Joseph Ferguson, R.Ph., with access to controlled substances." (App. 5.) The letter of denial also expressed concern over the fact that at times Ferguson would be the only pharmacist on premises in the event of Jackson's absence. Since this letter amounted to a final determination, the petitioners filed this timely appeal.
 
 
 7
 The thrust of petitioners' argument is that if the DEA is free to deny a waiver solely on the basis of a drug felony conviction, the waiver provisions become meaningless. Petitioners argue that the failure of the rule itself to spell out the conditions for a waiver "invites abuse." Although the matter of waiver could have been addressed with greater precision, we do not find the rule to be lacking to the point that it is not legally enforceable. The purpose of the prohibition against hiring persons convicted of a drug felony is spelled out as follows:
 
 
 8
 It should be noted that the existing regulation, as well as the proposed amendment, is intended to prevent a DEA registrant from hiring, as an agent or employee, an individual who would probably be denied a DEA registration if he or she applied for his or her own registration as a practitioner or applied on behalf of a pharmacy owned or principally operated by the individual. To hire such a person, the registrant must obtain a waiver under circumstances which clearly show that the registrant has been fully informed about the proposed employee's past experience with controlled substances and that the registrant intends to take adequate measures to ensure that no increased risk of diversion is occasioned by the proposed employment.
 
 
 9
 56 Fed.Reg. 36,727.
 
 
 10
 Petitioners attempt to make too much out of the reference to a prospective employer being fully informed. Being informed is merely the condition precedent to seeking a waiver. It is not intended to be the linchpin of the decision to grant or withhold a waiver. It is clear, as the respondent argues, that in addition to an employer being apprised of the prospective employee's criminal record, the waiver decision is informed by the statutory factors that would be used to evaluate an application for registration. In this regard, 21 U.S.C. Sec. 823(e) provides:
 
 
 11
 (e) The Attorney General shall register an applicant to distribute controlled substances in schedule III, IV, or V, unless he determines that the issuance of such registration is inconsistent with the public interest. In determining the public interest, the following factors shall be considered:
 
 
 12
 (1) maintenance of effective controls against diversion of particular controlled substances into other than legitimate medical, scientific, and industrial channels;
 
 
 13
 (2) compliance with applicable State and local law;
 
 
 14
 (3) prior conviction record of applicant under Federal or State laws relating to the manufacture, distribution, or dispensing of such substances;
 
 
 15
 (4) past experience in the distribution of controlled substances; and
 
 
 16
 (5) such other factors as may be relevant to and consistent with the public health and safety.
 
 
 17
 The statute makes the drug felony record of an applicant one of the evaluation criteria for registration. Logic would dictate that not all drug felony convictions would be viewed in the same light. For example, a youthful marijuana conviction would be viewed less critically than would a conviction for illegally dispensing narcotics while working as a pharmacist. The latter conviction goes to the heart of the registration issue, while the former is collateral.
 
 
 18
 On appeal, we review the administrator's decision to deny waiver under an abuse of discretion standard. Here, when petitioner's prior illegal conduct occurred during the course of his employment as a pharmacist, we cannot say that a decision to deny waiver based on these circumstances would be an abuse of discretion. This is particularly true when Ferguson's offense involved not only the illegal dispensation of controlled substances, but also Medicaid fraud.[2]
 
 
 19
 This would conclude this matter except for one additional factor. In denying waiver, the DEA deputy administrator also relied on Ferguson's purported "responsible pharmacist" status. In that regard, his letter said:
 
 
 20
 Another factor considered in the decision to deny this employment waiver was the Ohio State Board of Pharmacy's Order dated November 1, 1993, wherein it was stipulated that Mr. Ferguson could not serve as a responsible pharmacist during the five year probationary period of his pharmacist's license. According to your correspondence, Mr. Ferguson could be the only responsible pharmacist in the event of your absence.
 
 
 21
 (App. 9.)
 
 
 22
 This basis for denial is based on a misunderstanding of the term "responsible pharmacist," as defined by the Ohio State Code. Ohio Admin.Code Sec. 4729-5-11 (1993). The Ohio State Board of Pharmacy, by letter dated November 17, 1994, made it clear that Ferguson was not restricted from working as a pharmacist without supervision:
 
 
 23
 This letter is in response to our telephone conversation on November 16, 1994. You requested a clarification of your Board Order dated November 1, 1993. Specifically, you requested a clarification of the Board's meaning of "The Board further stipulated that Joseph Ferguson may not serve as a responsible pharmacist during the five-year probation period."
 
 
 24
 "Responsible pharmacist," as used in this sentence, under Action of the Board, means that you may not be the pharmacist who signs the Terminal Distributor of Dangerous Drug license for a pharmacy. This individual, as defined in O.A.C. 4729-5-11 copy attached, is the pharmacist that is held responsible for the proper recordkeeping and the overall practice of pharmacy.
 
 
 25
 This statement in your order is not intended to restrict you from practicing pharmacy alone. The Board of Pharmacy has never reinstated a pharmacist's license with the restrictions that they may only practice under the direct supervision of another pharmacist. If the Board feels that an individual is not ready to practice by himself, then the reinstatement is not granted.
 
 
 26
 (Supp.App. 12.)
 
 
 27
 We also note that by order of the Court of Common Pleas for Hamilton County, Ohio, Ferguson's probation was terminated on December 2, 1994.
 
 
 28
 Since we are unable to determine just what part the DEA administrator's misunderstanding as to Ferguson's status as a pharmacist in the State of Ohio played in the decision to deny waiver, we remand for reconsideration of the waiver application.[3]
 
 
 29
 REMANDED.
 
 
 
 [1]
 Jackson already employs Ferguson, but as a store manager, not a pharmacist
 
 
 [2]
 Ferguson was not convicted of Medicaid fraud, but the investigative report referenced Medicaid fraud
 
 
 [3]
 Although the administrator does not mention it in his denial letter, we note that the investigative report points out that the prospective employing pharmacy had filed a voluntary chapter 11 petition, which could have had some influence on the DEA decision, and may be resolved by now